UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TODD GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-02229-JRO-KMB |
| | ) | |
| ERIN GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO STRIKE**

Pending before the Court is Defendant Erin Green's Motion to Strike.  [Dkt. 56.]  Through

that motion, Ms. Green asks the Court to strike Plaintiff Todd Green's Second Set of Requests for

Admission as allegedly being served in violation of Local Rule 36-1 or, alternatively, declare that

Ms. Green's allegedly untimely responses to those requests for admission be allowed to stand as

substantive responses.  [*Id.*]  Mr. Green opposes the motion, [dkt. 57], and Ms. Green has filed a

reply in support of her motion, [dkt. 58].  For the reasons explained below, the Court **GRANTS**

**IN PART** and **DENIES IN PART** Ms. Green's Motion to Strike.  [Dkt. 56.]  Specifically, the

Court **DENIES** Ms. Green's request to strike Mr. Green's requests for admission but **GRANTS**

Ms. Green's request that her allegedly untimely responses to those requests for admission be

allowed to stand as substantive responses.

## I.    RELEVANT BACKGROUND

Mr. Green filed this action against Ms. Green on August 5, 2025, asserting a breach of

fiduciary duty claim arising from the alleged de.struction of his personal and business records

1

during the Parties' divorce proceedings, which were pending in state court.[1]  [Dkt. 1.]  At a Telephonic Status Conference on April 28, 2026, counsel raised a discovery dispute with the Court regarding Ms. Green's alleged failure to timely respond to Mr. Green's Requests for Admissions. [Dkt. 53.]  After hearing the Parties' arguments, the Court ordered the Parties to meet and confer and, if the dispute remained unresolved, submit a proposed briefing schedule for a discovery motion.  [*Id.*]  The Parties subsequently advised the Court that they were unable to resolve the dispute and submitted a proposed briefing schedule, which the Court adopted.  [Dkts. 54; 55.]  The pending motion is now fully briefed and ripe for the Court's review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 36 permits a party to serve requests for admission relating to "facts, the application of law to fact, or opinions about either" as well as the genuineness of documents.  Fed. R. Civ. P. 36(a)(1).  A matter is deemed admitted unless, within thirty days after being served, the responding party serves a written answer or objection.  Fed. R. Civ. P. 36(a)(3).

Any matter admitted under Rule 36 is "conclusively established" unless the court permits the admission to be withdrawn or amended.  Fed. R. Civ. P. 36(b).  Rule 36(b) permits withdrawal or amendment of admissions if: (1) "it would promote the presentation of the merits of the action" and (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*

"The party seeking the withdrawal bears the burden of demonstrating that withdrawal would promote a decision of the matter on its merits; the party who obtained the admission bears the burden of showing that withdrawal would result in prejudice."  *Annie Oakley Enters. Inc. v.*

---

[1] Mr. Green initially also filed this action against Charlotte Kirkwood, the Hancock County court-appointed realtor responsible for selling the marital residence, though Mr. Green later voluntarily dismissed the claims against Ms. Kirkwood.  [Dkt. 29.]

*Amazon.com, Inc.*, 2020 WL 6870993, at \*1 (S.D. Ind. Aug. 20, 2020).  "The Seventh Circuit . . . has a well-established policy favoring the resolution of cases on the merits, rather than by default." *Piggee v. Columbia Sussex Corp.*, 2010 WL 4687725, at \*5 (N.D. Ind. Nov. 10, 2010); *see also Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (explaining that the court strongly prefers to resolve cases on the merits).

### III.    DISCUSSION

The dispute before the Court is straightforward.  Ms. Green asks the Court either to strike Mr. Green's Second Set of Requests for Admission (the "Requests") as violative of Local Rule 36-1 or, alternatively, to permit her allegedly untimely responses to stand as substantive responses. [Dkt. 56 at 1-2.]  Mr. Green's Requests contain 94 separate requests for admission, and he alleges they were served on Ms. Green's counsel by email on February 4, 2026.  [Dkts. 56 at 1; 57 at 1.] Mr. Green maintains that, because Ms. Green failed to respond within thirty days, the Requests are deemed admitted and the Court should hold as such.  [Dkt. 57 at 1.]

In her motion, Ms. Green represents that her counsel did not become aware of the Requests until March 18, 2026,[2] when Mr. Green's counsel sent a follow-up email asserting that all 94 Requests were deemed admitted due to Ms. Green's failure to timely respond.  [Dkt. 56 at 2.]  Ms. Green alleges her counsel served responses to the Requests on April 2, 2026 (the "Responses"), which is fifteen days after learning of their existence.  [*Id.* at 1-2; dkt. 56-1.]  Ms. Green argues that, despite her untimely Responses, the Requests should be stricken because they contain 94

---

[2] Ms. Green's motion states that she became aware of the Requests on March 20, 2026, [dkt. 56 at 2], but this appears to be a scrivener's error.  Her reply brief states she became aware of the Requests on March 18, 2026, [dkt. 58 at 2], and documents submitted by the Parties confirm that the first email from Mr. Green's counsel regarding the Requests was on March 18, 2026.  [*See* dkt. 57-9 at 1; dkt. 58 at 2.]  This distinction is ultimately immaterial to the Court's analysis and conclusion.

separate requests for admission and Mr. Green did not seek leave to serve more than 25 requests, as is required by Local Rule 36-1.  [Dkt. 56 at 2-3.]  She also contends that many of the Requests are duplicative of requests previously served in previous federal litigation and the Parties' state-court dissolution proceedings and, thus, are unduly burdensome.  [*Id*. at 2-3.]  In the alternative, Ms. Green asks the Court to allow her Responses to stand because it would promote resolution of the case on the merits, would not prejudice Mr. Green since trial is not scheduled until June 2027, and because several of the Requests improperly seek legal conclusions.  [*Id.* at 3.]

In response, Mr. Green maintains his position that the Requests are deemed admitted as a matter of law because Ms. Green failed to respond within the thirty-day period prescribed by Rule 36(a)(3).  [Dkt. 57 at 1-4.]  He further contends that, during a status conference held in mid-March 2026,[3] Ms. Green's counsel acknowledged the existence of the outstanding Requests and represented that counsel was working on responses.  [*Id.* at 3-4.]  Mr. Green argues that Ms. Green has not satisfied her burden under Rule 36(b) and that the 94 admitted Requests concern discrete factual matters rather than ultimate issues of liability or damages.  [*Id*. at 5.]  He also contends that Ms. Green waived any objection based on Local Rule 36-1 by failing to raise it in her Responses or during the Parties' efforts to resolve the dispute.  [*Id.* at 7-8.]  Accordingly, Mr. Green asks the Court to deny Ms. Green's motion.  [*Id.* at 8-9.]

In her reply, Ms. Green maintains that her counsel did not become aware of the Requests until March 18, 2026, when Mr. Green's counsel sent a follow-up email.  [Dkt. 58 at 2.]  She explains that counsel believed the outstanding discovery discussed during the Parties' status

_____

[3] Both Parties erroneously refer to a status conference held in mid-March 2026, [dkt. 57 at 3; dkt. 58 at 2]; however, the Court did not conduct a status conference at that time.  The Parties are likely referring to a Telephonic Status Conference held on February 13, 2026, [dkt. 43], though this discrepancy has no bearing on the Court's decision.

conference related only to Mr. Green's earlier discovery requests and apologizes for any confusion created by counsel's misinterpreted remarks during that conference.  [*Id*.]  Ms. Green emphasizes that, after learning of the Requests, she served the Responses to all 94 requests within approximately two weeks even though the Requests far exceeded the limit imposed by Local Rule 36-1.  [*Id*. at 2-3.]  Ms. Green therefore renews her request that the Court strike the Requests or permit her Responses to stand in place of any deemed admissions.  [*Id*. at 3.]

The Court need not resolve the Parties' factual dispute regarding whether Ms. Green's counsel received the email containing the Requests on the February 4, 2026, or whether counsel's statements during the status conference reflected an awareness of the Requests.  Even assuming the Requests were properly served on February 4, 2026, and deemed admitted by operation of Rule 36(a)(3) due to Ms. Green's failure to timely respond, the Court concludes that relief is warranted under Rule 36(b) under the circumstances presented by this case.

Rule 36(b) directs courts to consider whether allowing withdrawal of admissions would promote resolution of the action on the merits and whether the party who obtained the admissions would be prejudiced by their withdrawal.  Fed. R. Civ. P. 36(b).  Both considerations favor Ms. Green in this case.  First, the Court agrees with Ms. Green that allowing her Responses to stand will promote resolution of this action on the merits.  The Court rejects Mr. Green's attempt to argue otherwise, as the Requests encompass 94 separate matters relating to the factual underpinnings of the Parties' dispute.  [Dkt. 56-1.]  Treating the Requests as conclusively admitted would substantially narrow the factual issues available for dispositive motions and trial, likely resolving significant aspects of the case through procedural technicalities rather than on the merits.  *Branson v. Celadon Trucking Servs., Inc.*, 2014 WL 5640774 at *2 (S.D. Ind. Nov. 3, 2014) ("…allowing the requests [for admission] to remain admitted would elevate the technicalities of deadlines above

5

the merits of the underlying claims"); *see also Long*, 213 F.3d at 986 (explaining that the court strongly prefers to resolve cases on the merits).

Second, the Court concludes that Mr. Green will not be prejudiced by allowing Ms. Green's Responses to stand. *Annie Oakley Enters.*, 2020 WL 6870993, at *1. "Prejudice" under Rule 36(b) "does not simply mean that the party who obtained the admissions will now have to argue the merits." *Sloan v. Burgess*, 2025 WL 1644202, at *2 (S.D. Ind. June 10, 2025) (quoting *Piggee*, 2010 WL 4687725, at *6). Rather, it concerns the difficulty a party may face in obtaining evidence due to the withdrawal of admissions. *See id*. Mr. Green has made no such showing. Trial is not scheduled until June 2027, discovery remains ongoing, and Ms. Green served Responses to all 94 of the Requests—even though Mr. Green did not seek leave pursuant to Local Rule 36-1 to serve such a high number—approximately two weeks after her counsel asserts he first became aware of them. Under these circumstances, the Court finds no meaningful prejudice to Mr. Green from allowing the case to proceed based on the Parties' actual discovery responses, and the Court therefore **GRANTS** Ms. Green's motion to the extent she seeks relief from any admissions that may have arisen by operation of Rule 36(a)(3).

The Court reaches a different conclusion, however, regarding Ms. Green's request to strike the Requests. Local Rule 36-1 plainly limits parties to 25 requests for admission, including discrete subparts, absent seeking leave of court. S.D. Ind. L.R. 36-1. Mr. Green's Requests contain 94 separate requests for admission, and he did not seek leave to exceed the limit. While the Court does not condone that favor, striking the Requests in their entirety would serve little practical purpose at this point. Ms. Green ultimately provided substantive Responses to each Request, and the Court has concluded above that those Responses should be treated as substantive responses. While the Court cautions Mr. Green's counsel that future compliance with Local Rule 36-1 is

expected, it declines to strike the Requests on that basis. Ms. Green's Motion to Strike the Requests is therefore **DENIED**.

### IV.    CONCLUSION

For the reasons explained above, Ms. Green's Motion to Strike, [dkt. 56], is **GRANTED IN PART** and **DENIED IN PART**. To the extent Ms. Green seeks relief from any deemed admissions arising from her untimely responses to Mr. Green's Second Set of Requests for Admission, her motion is **GRANTED** and Ms. Green's Responses, [dkt. 56-1], shall be treated as the substantive responses to those Requests. To the extent Ms. Green seeks to strike Mr. Green's Second Set of Requests for Admission in their entirety, the motion is **DENIED**. The Parties shall continue to litigate this case in accordance with the operative case management plan deadlines.

**SO ORDERED.**

Date: 6/29/2026

Kellie M. Barr
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System